**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**MACON DIVISION**

**IRONSHORE SPECIALTY INSURANCE COMPANY,**

**Plaintiff,**

**v.**

**ALPHONZO LOGAN, *et al.*,**

**Defendants.**

**CIVIL ACTION NO. 5:23-cv-358 (MTT)**

**ORDER**

On July 31, 2026, the United States Court of Appeals for the Eleventh Circuit remanded this appeal "for the limited purpose of determining Jamaar Dewayne Logan's citizenship as executor of Mary Francis Logan's estate and whether diversity jurisdiction existed." ECF 106 at 4. On August 3, 2026, this Court ordered the parties to place on the record by September 2, 2026, information sufficient to allow the Court to determine Jamaar Dewayne Logan's citizenship as executor of Ms. Logan's estate and whether diversity jurisdiction existed at all relevant times. The Court finds that Jamaar Dewayne Logan, as executor of Ms. Logan's estate, is a citizen of Georgia and that complete diversity exists.

## I. DISCUSSION

Diversity jurisdiction exists when the amount in controversy exceeds $75,000, and there is complete diversity between the parties. 28 U.S.C. § 1332. Complete diversity requires that no plaintiff be a citizen of the same state as any defendant. *Hensley v. Hartford Cas. Ins. Co.*, 113 F.4th 1327, 1332 (11th Cir. 2024).

An individual is a citizen of the last state in which he or she resided with the intent to remain indefinitely. *Scroggins v. Pollock*, 727 F.2d 1025, 1026 (11th Cir. 1984); *Travaglio v. Am. Express Co.*, 735 F.3d 1266, 1269 (2013). The legal representative of an estate of a decedent is a citizen of the state in which the decedent was a citizen. 28 U.S.C. § 1332(c)(2) ("[T]he legal representative of the estate of a decedent shall be deemed to be a citizen only of the same State as the decedent."). A corporation is a citizen of its state of incorporation and the state where it has its principal place of business. 28 U.S.C. §1332(c)(1).

On September 2, 2026, the parties filed a declaration of Jamaar Dewayne Logan, confirming that Ms. Logan was a citizen of Georgia and thus Jamaar Dewayne Logan, as executor of Ms. Logan's estate, is, and was at all relevant times, deemed a citizen of the state of Georgia. ECF 108.

Specifically, Mr. Logan's declaration confirmed that Ms. Logan maintained a residence in Macon, Georgia, prior to being admitted to a Macon long-term care facility. Ms. Logan became a resident of the facility, Macon Rehab, on July 20, 2009. ECF 108-2 at 2. She died on August 27, 2016, at Macon Rehab. ECF 108-6 at 2.

Further, copies of Ms. Logan's Georgia driver's license, Georgia application for Medicaid and Medicare, mail addressed to her at a Macon address from the Bibb County Division of Family and Children Services, intake records for the Macon long-term care facility, and Pronouncement of Death were included with Jamaar Dewayne Logan's affidavit. ECF 108. The evidence confirms that Ms. Logan resided in Georgia and had the intent to remain indefinitely and thus was a Georgia citizen at the time of

her death. Thus, the Court finds that Jamaar Dewayne Logan, as the executor of Ms. Logan's estate, is, and was at all relevant times, a citizen of Georgia.

The parties' prior pleadings established that the plaintiff is an Arizona corporation with its principal place of business in Massachusetts. ECF 1 at 2 ¶ 7. There are two other named individual defendants, Alphonzo Logan and Dewayne Logan, both of whom are citizens of Georgia. ECF 1 at 2 ¶¶ 8-9, ECF 18 at 2-3 ¶¶ 8-9. There is one other corporate defendant, 4 West Holdings, Inc., which is incorporated in Delaware and has its principal place of business in Texas. ECF 1 at 2 ¶ 10, ECF 18 at 3 ¶ 10. Because the plaintiff is not a citizen of the state in which any defendant is a citizen, the parties are, therefore, completely diverse.

## II. CONCLUSION

Jamaar Dewayne Logan, as executor of Mary Francis Logan's estate, is a citizen of Georgia. No plaintiff is a citizen of the state in which any defendant is a citizen. Complete diversity, therefore, exists. Accordingly, the record, as supplemented, shall be returned to the United States Court of Appeals for the Eleventh Circuit for further proceedings.

**SO ORDERED**, this 9th day of September, 2026.

S/ Marc T. Treadwell
MARC T. TREADWELL, JUDGE
UNITED STATES DISTRICT COURT